UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN A. AYALA,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MATTHEW DUNNE, RYAN N. SCEVIOUR, and<br>the COMMONWEALTH OF MASSACHUSETTS,<br>　　　　　Defendants. | CIVIL ACTION<br>NO. 20-40127-TSH |

ORDER ON REPORT AND RECOMMENDATION
May 25, 2021

**HILLMAN, D.J.,**

### Background

Jonathan A. Ayala ("Plaintiff" or "Ayala") has filed this action against Matthew Dunne ("Dunne") and Ryan N. Sceviour ("Sceviour"), Troopers with the Massachusetts State Police, and the Commonwealth of Massachusetts (the "Commonwealth") asserting claims under Section 1983 against Dunne and Sceviour for violation of his constitutional right to be free from an unreasonable search/seizure and use of excessive force against him (Count I); violation of the Massachusetts Tort Claims Act, Mass.Gen.L. ch. 258 ("Section 258") against the Commonwealth (Count II); common law claims for assault and battery and intentional infliction of emotional distress against Dunne, individually (Counts III and IV); a common law conspiracy claim against Dunne and Sceviour, individually (Docket No. V); and a claim for malicious prosecution against Dunne (Count VI).

Ayala originally filed the action in Massachusetts Superior Court on or about August 28, 2020. On October 8, 2020, Dunne filed a timely Notice of Removal (Docket No. 1) to this Court with the consent of Sceviour. The Notice of Removal was filed without the consent of the Commonwealth on the grounds that by virtue of the Eleventh Amendment, it is not subject to suit in this Court, and therefore, its consent is not required.

The Commonwealth has filed a motion to sever Count II of the complaint (the Section 258 claim) and remand it to state court, or in the alternative to dismiss Count II. *See* Docket No. 7. Dunne and Sceviour assented to the motion. Plaintiff filed an opposition in which he argues that the motion to dismiss should be denied, the federal count against Dunne and Sceviour remain with this Court and *all* state law claims remanded other than Count V (the common law conspiracy claim)[1].

## Discussion

Judge Mastroianni of this Court recently addressed identical issues to those presented in the instant case. *See Rojas v. Demos*, Civ.Act. No. 19-10459, 2020 WL 5100229 (D.Mass. Aug. 21, 2020). As in the instant case, the plaintiff in *Rojas* asserted a Section 1983 claim against the individual Massachusetts state trooper, a Section 258 claim against the Commonwealth, and multiple state law claims against the trooper. The Commonwealth sought to remand or dismiss the Section 258 claim. Judge Mastroianni determined that *all* state law claims should be remanded to the state court, the federal claim against the individual trooper should remain in this Court and the federal claim should be stayed pending resolution of the state law action.

---

[1] At the hearing, after discussion with Magistrate Judge Hennessy, Plaintiff apparently agreed that the only claim which should be remanded is Count II. Plaintiff also argues that the federal case should not be stayed, rather the state and federal cases should proceed simultaneously.

I agree with the decision reached by Judge Mastroianni and adopt his well-reasoned rationale. Accordingly, I accept and adopt the Report and Recommendation (Docket No. 23) to the extent it denies the motion to dismiss and remands Count II of the complaint to state court. Additionally, it is ordered that Counts III (assault and battery), Count IV (intentional infliction of emotional distress), Count V (common law conspiracy) and Count VI (malicious prosecution) against Dunne and/or Sceviour are remanded back to state court. Count I (Section 1983) against Dunne and Sceviour remains in this Court and shall be stayed pending resolution of the state case.

**SO ORDERED**

                                                          */s/ Timothy S. Hillman*
                                                          **TIMOTHY S. HILLMAN**
                                                          **DISTRICT JUDGE**